UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:11-CV-75-F

| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SAMPSON PERSONAL PROPERTY, | ) | |
| DESCRIBED AS FOLLOWS: | ) | |
| A 2007 HAULMARK TRAILER, | ) | |
| VIN: 16HPB12267G090745; | ) | |
| A 2008 POLARIS SPORTSMAN 800 | ) | |
| RECREATIONAL VEHICLE, | ) | |
| VIN: 4XADN7GA48A265397; | ) | |
| A 2008 POLARIS RANGER RZR 800 | ) | |
| RECREATIONAL VEHICLE, | ) | |
| VIN: 4XAVH76A88D325336; | ) | |
| A 2008 POLARIS RANGER RZR 800 | ) | |
| RECREATIONAL VEHICLE, | ) | |
| VIN: 4XAVN76A080337223; | ) | |
| A 2007 KAWASAKI ZX1400A MOTORCYCLE, | ) | |
| VIN: JKBZXNA187A017839; | ) | |
| A 2008 BOURGET COBRA MOTORCYCLE, | ) | |
| VIN: 1B9BCY8A78A393049; | ) | |
| A 2004 KAWASAKI NINJA ZX10-R | ) | |
| MOTORCYCLE, | ) | |
| VIN: JKAZXCC1X4A002809; | ) | |
| A 2009 KAWASAKI KX250-W | ) | |
| MOTORCYCLE, | ) | |
| VIN: JKAKXMWC09A001635; | ) | |
| A 2006 KAWASAKI KX450D6F | ) | |
| MOTORCYCLE, | ) | |
| VIN: JKAKXGDC46A001635; | ) | |
| A 2007 YAMAHA YZ85W1 | ) | |
| MOTORCYCLE, | ) | |
| VIN: JYACB09C27A011506; | ) | |
| A 2010 CHEVROLET CAMARO | ) | |
| AUTOMOBILE, | ) | |
| VIN: 2G1FK1EJ8A9131544; | ) | |
| A 2005 KAWASAKI KLX110-A4 | ) | |
| MOTORCYCLE, | ) | |
| VIN: JKALXSA115DA28852; | ) | |
| A 2007 CHEVROLET EXPRESS VAN, | ) | |
| VIN: 1GAHG39U571198139; | ) | |
| A 2005 YAMAHA YFZ450T ATV, | ) | |
| VIN: JY4AJ11Y250030021; | ) | |
| A 2006 BOMBARDIER OUTLANDER | ) | |

| MAX ATV (TRAILER), | ) |
| VIN: 23VEPCH116V000345; | ) |
| A 2006 SEADOO GTI 4TEC | ) |
| WATERCRAFT, | ) |
| HIN: YDV52906E606; | ) |
| A 2008 KAWASAKI NINJA | ) |
| MOTORCYCLE, | ) |
| VIN: JKAZX4P1X8A043785; | ) |
| A 2005 CHEVROLET G3500 EXPRESS, | ) |
| VIN: 1GAHG39U751170923; | ) |
| A 2007 CADILLAC ESCALADE, | ) |
| VIN: 1GYFK63807R372186; | ) |
| A 2008 HAULMARK TRAILER, | ) |
| VIN: 16HGB24278G093061; | ) |
| A 2008 CHEVROLET SILVERADO, | ) |
| VIN: 1GCHK23608F106014; | ) |
| A 2008 QUEEN COBRA, | ) |
| VIN: 1B9BCY8A78A398049; | ) |
| A 2007 KTM 65SX, | ) |
| VIN: VBKMRA2357M017687; | ) |
| AND ANY AND ALL ATTACHMENTS | ) |
| THERETO; AND ANY AND ALL | ) |
| PROCEEDS FROM THE SALE OF SAID | ) |
| PROPERTY, | ) |
|           Defendants. | ) |

This matter is before the court on the uncontested motions [DE-23 & -22] filed by claimants Andetra Michelle Sampson and Romanual Lynn Sampson, respectively, to Set Aside Entry of Default [DE-20] and Default Judgment [DE-21] in this civil forfeiture proceeding. According to the Assistant United States Attorney's affidavit [DE-16] of July 15, 2011, the Sampson claimants filed timely verified individual *pro se* Claims of Interest in this matter on June 17 [DE-11] and June 20, 2011 [DE-12]. However, neither claimant filed a timely answer as required by 18 U.S.C. § 983(a)(4)(B) and Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules").

2

The Government moved for Entry of Default [DE-17] and for Default Judgment [DE-18],

supported by the United States' Notification of Service [DE-15].[1] and Affidavit of Failure to

Plead or Otherwise Defend [DE-16].[2] The Government's motions seeking default do not

contain a copy of the documents that purportedly were served on the claimants.[3] However,

the Warrant of Arrest and Notice In Rem issued by the Clerk's Office on April 28, 2011, which

specifically is directed "To: THE UNITED STATES SECRET SERVICE WITHIN THE EASTERN

DISTRICT OF NORTH CAROLINA," contains the following two-sentence instruction:

> YOU ARE, THEREFORE, hereby commanded to arrest, attach, and retain the
> above-described property until the further order of this Court respecting the
> same; to give due notice to all persons claiming the same, knowing or having
> anything to say why the same should not be condemned and disposed of
> pursuant to the prayer of the Complaint, that they must file their claims to the
> property within thirty-five (35) days after the earlier of (a) the date this Warrant
> of Arrest and Notice In Rem is sent, as defined by Supplemental Rule G(4) (b)
> (iv) or (b) from completed publication of the notice of filing of the Complaint, if
> required, pursuant to Rule G(5) of the Supplemental Rules for Admiralty or
> Maritime and Asset Forfeiture Claims, and shall serve and file their answers
> within twenty-one (21) days after the filing of the claim, with the Office of the
> Clerk, United States District Court, Eastern District of North Carolina, 310 New
> Bern Avenue, P.O. Box 25670, Raleigh, North Carolina 27601-1481, with a copy
> thereof sent to Assistant U. S. Attorney, Stephen A. West, 310 New Bern Avenue,

___

[1] Notification of Service [DE-15] was made as to claimant Romanual Sampson only. Therein, the Assistant United States Attorney stated that service was effected on Romanual Lynn Sampson by certified mail on May 24, 2011, and was accompanied by "a copy of the Complaint for Forfeiture in Rem and Warrant of Arrest and Notice *In Rem*," referencing Exhibit A, which is a copy of a Postal Service return receipt. Presumably, the Notification was referring to the Amended Complaint [DE-4], filed on April 26, 2011.

[2] No proof of service was filed as to claimant Andetra Sampson, although the Assistant United States Attorney's Affidavit of Failure to Plead contains the statement, "Examination of the Court files and records shows that service of plaintiff's Complaint and the Warrant of Arrest In Rem was made on Andetra Michelle Sampson, a potential claimant of the defendants, via regular mail on approximately May 17, 2011, by an agent of the U.S. Postal Service." Affidavit [DE-16], ¶ 3. The return receipt is not attached.

[3] The Complaint from which this civil forfeiture action arises alleges that, "[t]his is a civil action in rem brought to enforce the provision of 18 U.S.C. § 981(a)(1)(C) providing for the forfeiture of property constituting or derived from proceeds traceable to violations of 18 U.S.C. §§ 1029 and 1343." Section 1029 of Title 18 is entitled, "Fraud and related activity in connection with access devices." Section 1343 concerns federal mail fraud.

Federal Building, Suite 800, Raleigh, North Carolina 27601-1461. The claim
must, at a minimum, identify the specific property claimed, identify the claimant
and state the claimant's interest in the property, and be signed by the claimant
under penalty of perjury, as provided by Supplemental Rule G(5).

Warrant of Arrest and Notice In Rem [DE-6] , pp. 3-4. The Government also filed a copy of an

Advertisement Certification Report [DE-14], Exhibit A, evidencing publication of notice

between May 3, 2011, and June 2, 2011. The Sampsons' timely Claims of Interest[4] evidence

their receipt at some time prior to mid-June 2011, of actual notice of the forfeiture proceedings.[5]

They did not, however, thereafter file timely Answers.

Upon the Government's uncontested motions filed on July 15, 2011, the Clerk filed

Entry of Default on that same day [DE-20]. The undersigned directed Default Judgment on

August 10, 2011 [DE-21].

Two weeks after entry of the Default Judgment, both claimants filed individual pro se

Motions to Set Aside Default. See [DE-22 & -23]. Both declare that "although the Claim was

not designated as [an] 'Answer,' it contained information that answered the Government's

allegations, and affirmatively set out the bases of Sampson's claim." [DE-11 & -12], ¶ 4. The

claimants attached separate Proposed Answers to their respective "Motions to Set Aside

Default." The Government has filed no objection or other response to the claimants' motions.

The claimants' "Motions to Set Aside Default," [DE-22 & -23] cite Rule 55, Fed. R. Civ. P.

as the legal basis for those motions. Pursuant to Rule 55(c), Fed. R. Civ. P., "[t]he court may set

aside an entry of default for good cause, and it may set a side a default judgment under Rule

---

[4] The Government asserts that it received the Claims of Interest on June 17th (Andetra)
and June 20th (Romanual). *See* Affidavit [DE-16], ¶¶ 7 & 8.

[5] Rule G (4)(b)(v), Supplemental Rules, provides that "A potential claimant who had
actual notice of a forfeiture action may not oppose or seek relief from forfeiture because of the
government's failure to send the required notice."

4

60(b)." The court perceives that the claimants seek to have both the entries of default and the default judgments set aside.

The order of Default Judgment [DE-21], filed on August 10, 2011, is a final judgment against all claimants. As such, any attempt to challenge the forfeiture is governed by Fed. R. Civ. P. 60(b). See United States v. $39,000 U.S. Currency, No. 3:02CV281, 2006 WL 1431830, at *2 (W.D.N.C. May 24, 2006). To obtain relief from a judgment under Rule 60(b), a moving party first must establish that his motion is timely, that he has a meritorious defense to the action, and that the opposing party would not be unfairly prejudiced by having the judgment set aside. Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir. 1987). "If the moving party makes such a showing, he must then satisfy one or more of the six grounds for relief set forth in Rule 60(b) in order to obtain relief from the judgment." Id.

The claimants' explanation for their failure to file an Answer within the time required suggests their omission was inadvertent. They point out that their verified Claims of Interest contained information that answered the Government's allegations and affirmatively set out the bases of their claims. That their Motions to Set Aside Default were filed only two weeks after Judgment was entered indicates the claimants acted without undue delay and is consistent with their expressed intent, contained in their Claims of Interest, to contest the instant forfeiture proceedings.

According to the confidential declaration submitted by the Government in support of its request for issuance of a Warrant for Arrest In Rem in this civil forfeiture case, the items of personal property named as defendants herein allegedly were obtained from the proceeds of the claimants' criminal conduct. The undersigned takes judicial notice of the criminal prosecution ongoing in this district styled, United States v. Sampson, No. 7:11-CR-76-1 & 2-FL (E.D.N.C.), in which both Andetra Sampson and Romanual Sampson were arrested and detained pursuant to a sealed Indictment, see [DE-1; -10], on June 28, 2011. Both claimants have been represented

5

in that criminal case by individual appointed counsel since their arrest, and both ultimately were released upon conditions, pending trial. The Government filed a Superseding Indictment [DE-42] on August 16, 2011.

The Superseding Indictment alleges 43 counts Medicaid Fraud in violation of 18 U.S.C. § 1347, a Conspiracy to Defraud the United States in violation of 18 U.S.C. § 371, and one count of Wire Fraud occurring on March 27, 2008, in violation of 18 U.S.C. § 1343. It contains a notice of the Government's intent to seek the criminal forfeiture of certain described real property as well as United States currency in excess of $2 million, pursuant to 18 U.S.C. § 982(a)(7) (criminal forfeiture of health care fraud proceeds).

Arraignments are scheduled in that criminal case before United States District Judge Flanagan during her December 2011, term of court. Therefore, there are allegations of wrongdoing contained in the confidential declaration supporting this civil forfeiture proceeding and in a Superseding Indictment in United States v. Sampson, No. 7:11-CR-76-1 & 2-FL (E.D.N.C.), naming both claimants. Of course, the claimants are presumed innocent unless proven guilty.

The claimants' motions do not address the "meritorious defense" factor, but both state in their attached Proposed Answers that the "[u]ndersigned has a superior interest in the subject properties, as set out in the incorporated Claim of Interest." The Claims of Interest [DE-11 and -12] both purport to identify the specific property claimed, identify the claimant and state the claimant's interest in the property, and are signed under penalty of perjury. The respective Motions to Set Aside Default [DE-22 and -23] state that the Claims of Interest were served on "the Assistant United States Attorney that filed the complaint." The Claims of Interest appear to comply with the requirements of Rule G(5)(a).

The Government has not filed any response to the pending motions, which therefore are uncontested. Apparently, the property has been seized and is in the custody of the Government.

6

This court carefully has considered the appropriate Rule 60(b)(1) factors in light of the considerable deference to be afforded pro se litigants, cf. Noble v. Barnett, 24 F.3d 582, 587 n.6 (4th Cir. 1994) ("pro se complaints, however unskillfully pleaded, must be liberally construed") (citation omitted)), and the fact that the motions are uncontested. Under the circumstances, the court concludes that the interests of justice support setting aside the Entry of Default and Default Judgment, and permitting the claimants to go forward.

Accordingly, the claimants' Motions to Set Aside Default [DE-22 & -23] are ALLOWED pursuant to Rule 60(b)(1) "mistake, inadvertence . . . or excusable neglect," and the Entry of Default [DE-20] and Default Judgment [DE-21] are SET ASIDE. The Clerk of Court is DIRECTED to cause the claimants' separate proposed Answers appended to their motions to be filed and docketed, and to continue administration of this case according to the proceedings of this district.

SO ORDERED.

This the ___2___ day of November, 2011.

James C. Fox
JAMES C. FOX
Senior United States District Judge

7